# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE Z. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1081 JCH |
| | ) | |
| CORIZON HEALTH SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Clarence Z. Howard, an inmate at Missouri Eastern Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $14.03. *See* 28 U.S.C. § 1915(b)(1). For the reasons explained below, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $70.16. The Court will therefore assess an initial partial filing fee of $14.03, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## Background

On July 25, 2019, plaintiff filed a complaint in this Court seeking relief pursuant to 42 U.S.C. § 1983 against, *inter alia*, Unknown named Director of Nursing at Fulton Reception Diagnostic Center ("FRDC"); Syed K. Inman, M.D. (Corizon); Unknown Wiggins, M.D (Corizon); Unknown named Director of Nursing at Northeast Correctional Center ("NECC"); Unknown Gupta, M.D. (NECC); Unknown Reddy, M.D. (NECC); Unknown named Director of Nursing (Farmington Correctional Center ("FCC")); Unknown Srinivasaraghavan, M.D. (FCC); Ann Precythe (Director, Missouri Department of Corrections ("MoDOC")); Alana Boyles (Director of Adult Institutions, MoDOC); Cindy Griffith (Deputy Division Director, MoDOC); Scott O'Kelly (Director of Mental Health, MoDOC); Unknown named CEO of Corizon Health Services, LLC; Unknown named Corizon Board of Directors; and Unknown named Medical Director, Supervisor of Corizon. *See Howard v. Unknown Named Director of Nursing*, No. 4:19-CV-2241 JMB (E.D. Mo.) (hereafter "*Howard I*"). Plaintiff sought and was granted leave to proceed in forma pauperis.

Plaintiff claimed that Corizon and several doctors employed by Corizon were deliberately indifferent to his serious medical needs in relation to the care and treatment he received for a condition called gynecomastia, which is defined as an enlargement or swelling of breast tissue in males. In support, plaintiff alleged that he had been prescribed the drug risperidone in October 2014 to treat his bipolar disorder. He alleged that he was transferred to Missouri Eastern Correctional Center at some point, where he was informed on March 13, 2018 that risperidone increased his risk of developing gynecomastia. At some point in 2018, he began to become increasingly worried that he might develop gynecomastia, "which ultimately resulted in full out anxiety." Plaintiff states that on December 31, 2018, he began having severe anxiety attacks "as a result of the stress and worry from having been put directly at risk of taking a medication which potentially caused gynecomastia by defendants."

On September 26, 2019, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B) after determining that the complaint failed to state a claim upon which relief could be granted. *See Howard v. Unknown Named Director of Nursing*, No. 4:19-CV-2241 JMB (E.D. Mo.). Plaintiff moved for post-dismissal amendment of his complaint, which the Court granted on February 20, 2020. *Id*. After review of the amended complaint, the Court once against dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B) on March 9, 2020. *Id.*

**The Complaint**

In the case at bar, plaintiff again seeks relief pursuant to 42 U.S.C. § 1983 against Corizon and medical doctors for violation of his rights when they prescribed risperidone without warning him of the potential side effect of developing gynecomastia. He sues them in their individual and official capacities.

Plaintiff states that his rights to "freedom of speech" were violated when the Corizon doctors failed to disclose that gynecomastia could be a side effect from taking risperidone. He states that his "speech" was violated when they failed to disclose the side effects and he was unable to "consent" to the treatment.[1]

Plaintiff seeks punitive and actual damages in an amount of $42.5 million dollars.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that it is subject to dismissal.

In the instant complaint, plaintiff asserts the same claims against Corizon and Corizon doctors, as well as Missouri Department of Corrections officials related to his gynecomastia condition as he asserted in *Howard I*, which the Court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Although he has couched his claim in this action as a "freedom of speech" claim rather than an Eighth Amendment claim, it is the same failure to warn claim that he brought in *Howard I*.

While the dismissal of *Howard I* "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal "has res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (*per curiam*) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future *in forma pauperis* petitions). Thus, this Court determines the § 1915(e)(2)(B) dismissal of *Howard I* has res judicata effect on the claims in the instant action. This action is therefore subject to dismissal for § 1915(e) purposes.

---

[1] The Court notes that plaintiff does not state that defendants interfered with his right to speak. Rather, he frames his claim as a failure to warn about the side effects of the medication.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this memorandum and order, plaintiff must pay an initial filing fee of $14.03. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel [Doc. #2] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate order of dismissal will accompany this Memorandum and Order.

Dated this 2nd day of December, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE